# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE
GUARDIANSHIP OF THE PERSONS
OF, D.S.M., A MINOR.
_____

ROCIO MUNOZ PINO,
Appellant.

No. 72820

**FILED**

MAR 15 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from an order entered in a guardianship proceeding. Eighth Judicial District Court, Family Court Division, Clark County; Robert Teuton, Judge.

The district court denied appellant Rocio Munoz Pino's request to appoint her as the legal guardian of her nephew, D.S.M., and to make special findings that would allow D.S.M. to file a petition with the United States Citizenship and Immigration Services for special immigrant juvenile (SIJ) status. *See* 8 U.S.C. § 1101(a)(27)(J) (2012); 8 C.F.R. § 204.11 (2009). Appellant contends that the district court erroneously determined that D.S.M. could not show that reunification with one or both of his parents was not viable due to abuse, neglect, abandonment, or similar grounds under state law, as required for SIJ eligibility.

Under federal law, an undocumented juvenile in the United States who is under the age of 21 and unmarried and who meets certain requirements is eligible for SIJ status, a classification which provides a path

18-10336

for the juvenile to obtain lawful permanent residency. 8 U.S.C. § 1101(a)(27)(J); 8 C.F.R. § 204.11(c). Before petitioning for SIJ status, a juvenile must obtain an order from a state court finding that the juvenile is dependent on a juvenile court or has been placed under the custody of an individual appointed by the court; that the juvenile's reunification with one or both parents is not viable due to abuse, neglect, abandonment, or similar grounds under state law; and that it is not in the juvenile's best interest to be returned to his or her country of origin. *See* 8 U.S.C. § 1101(a)(27)(J); 8 C.F.R. § 204.11(c); *see also Matter of Marcelina M.-G. v. Israel S.*, 112 A.D.3d 100, 108-09 (N.Y. App. Div. 2013).

Appellant requested findings from the district court that D.S.M. had been abandoned or neglected by his father by virtue of his father's murder in Mexico, and that it would be in his best interest to remain with appellant rather than be returned to Mexico, his country of origin.[1] The district court found that the murder of D.S.M.'s father did not constitute abandonment or neglect because there was no intent on the father's part to forgo any relationship with D.S.M. We conclude that this finding was not erroneous as, under Nevada law, the definitions of abandonment and neglect contemplate a willful act on the part of the parent. *See* NRS 128.012 (defining "abandonment of a child"); NRS 432B.020 (defining "neglect"); *see also* A.B. 142, 79th Leg. (Nev. 2017) (providing that the definitions of "abandonment" and "neglect" in NRS 128.012 and NRS 432B.020 are to be used for SIJ purposes). Because D.S.M. did not demonstrate that he suffered neglect or abandonment by his father, he did not satisfy the

---

[1]D.S.M. did not allege that reunification with his mother is not viable and does not challenge the district court's factual finding that reunification with his mother is viable.

SUPREME COURT
OF
NEVADA

(O) 1947A

2

"reunification" requirement for SIJ status. Thus, the district court did not err in denying the request for special findings, and we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Cherry

_____, J.
Parraguirre

_____, J.
Stiglich

cc:    Hon. Robert Teuton, District Judge, Family Court Division
        Hamilton Law
        Eighth District Court Clerk